BROADWATER ET AL., respondents, *v.* RICHARDS, ADM'R, appellant.

PROBATE COURTS — *What constitutes an action.*— The proceedings for the sale of real estate of an intestate are in the nature of an action, of which the presentation of the petition is the commencement, and the order of sale is the judgment.

LIMITS OF ADMINISTRATOR'S AUTHORITY.— An administrator has no authority to sell real estate except by an order of a properly constituted court, properly issued, with which he must strictly comply.

WHO MAY OBJECT.— Any person interested in the estate may file objections to confirmation of sale, and produce evidence on hearing to support the same.

WHAT IS ADMISSIBLE ON TRIAL DE NOVO.— A case appealed from probate to district court, being tried *de novo*, the objectors may present any evidence pertinent to the objections, though not raised on trial in the court below.

EXTENT OF JURISDICTION.— The district court may inquire, on such appeal, into any competent matter affecting the acts or authority of the administrator, including the proper constitution of the court itself, and the qualification of the judge thereof.

Where, upon an appeal from an order of the probate court affirming the sale of real estate, such order was set aside after hearing by the district court, and there was no motion for a new trial, the supreme court will not examine the evidence, though contained in the record, but will presume that the evidence sustained the findings and judgment of the district court.

### *Appeal from First District of Custer County.*

THE same attorneys appear in this as in the preceding case, and the briefs seem to have been prepared with reference to both cases. See briefs in that case.

#### SECOND APPEAL.

H. N. BLAKE, for appellant.

In addition to the points and authorities on file in this cause, and insisting thereon, the following matters are presented to this court:

This is an appeal from the judgment of the district court (Transcript, 151, 152), disapproving the account of the administrator and making further orders in the matter.

1. Upon all the questions involved in this appeal which are similar to those raised in the first appeal of these parties, counsel refer respectfully to the briefs and arguments on file therein. These are the following:

*a.* The appeal of respondents should have been dismissed by the court below.

*b.* The firm of Broadwater *et al.* and George M. Miles had no interest in the accounts of the appellant, and could not appear as parties herein.

*c.* The court should have admitted evidence tending to show the loss of records belonging to the probate court of Custer county.

*d.* Custer county had a probate court in January, 1879, and the acts of its judge have been declared valid.

2. Appellant maintains that the judgment of the court below should be reversed for the following additional grounds: The court exceeded its authority in making an order that the administrator should give a bond, qualify as administrator, supply all omissions in the probate court, give notice of filing claims against the estate, and, upon failure to give such bond, pay to the clerk of the district court money in his hands as administrator; and also in ordering that the appellant should be removed from his trust on failure to file such bond.

It appears from this judgment (pages 151 and 152 of transcript) that the court below found that appellant had been duly appointed administrator of the estate of Brooks. No orders of the probate court had ever been appealed from, except one confirming the sale of the property of the estate, which is the subject of the first appeal. The court below could only consider the questions raised by the order appealed from, confirming and approving the account of the administrator. All the evidence before the court below is contained in the transcript.

The judgments or orders of the probate court in which an appeal is allowed and not taken by aggrieved parties, and those in which no appeal is allowed by law, are binding upon all parties, and cannot be attacked collaterally. Prob. Practice Act, 1877, sec. 1, clause 10; *Garwood* v. *Garwood*, 29 Cal. 521; *Pico* v. *De la Guerra*, 18 Cal. 430; *Irwin* v. *Scriber*, 18 Cal. 499.

3. Letters of administration cannot be attacked collaterally by showing that probate court had no jurisdiction. *Irwin* v. *Scriber*, and cases cited, 18 Cal. 499.

4. The effect of the judgment appealed from is to allow Broadwater *et al.*, who have neglected to present their claims against the administrator, a right to do so now, when the time fixed by law expired before they appeared in these proceedings.

The acts of the administrator cannot be attacked in

this way.   Claims that are allowed, or acted on and not allowed, are judgments, which the court below could not reverse.   *Deck's Estate* v. *Gherke*, 6 Cal. 666; *Pico* v. *De la Guerra*, 18 Cal. 430; *Kingsley* v. *Miller*, 45 Cal. 95; *Brummagine* v. *Ambrose*, 48 Cal. 366.

5. It cannot be determined on this appeal that the probate court erred in fixing the value of Brooks' estate, or the amount of the administrator's bond, and the judgment appealed from is therefore erroneous.   *Lucas* v. *Todd*, 28 Cal. 182.

6. All the evidence being before this court, and the respondents having the affirmative in attacking the accounts of the administrator, we claim that the judgment of the court below is not only contrary to law, but against all the evidence.   No testimony was offered that showed any irregularity or fraud on the part of the administrator.   No mistake or error was shown in his accounts. Some original papers are lost, but true copies were in evidence, and the rights of no persons have been injured by the loss of these records.   The order of the probate court should have been affirmed.   Why should the work of administration be done again ?   The clerk of the district court has no right to hold moneys belonging to the estates of deceased persons or administrators.   The probate court is the only tribunal that can require an administrator to execute a new bond, or revoke his appointment. All of these things the court below assumed jurisdiction of.   No questions of this nature were before it, and the only matter related to the approval or rejection of an account. The court could not decide this subject arbitrarily.   The presumption being in favor of the performance of duty by the administrator, we insist that, in the absence of all evidence to the contrary, the account of the administrator should be adjudged correct.

Wade, C. J.   Proceedings for the sale of the real estate of an intestate are in the nature of an action, of

which the presentation of the petition is the commencement and the order of sale is the judgment. *Sprigg's Estate*, 20 Cal. 121.

The administrator has no authority over the real estate of an intestate, except to sell in pursuance of an order of sale properly issued. Having no general authority, he must strictly comply with the order.

After an administrator has made and returned into court a sale, any person interested in the estate may file written objections to the confirmation thereof, and may produce witnesses and be heard in support of his objections. Probate Practice Act, sec. 202.

From the judgment or order of the probate court, confirming or setting aside the sale, an appeal may be taken to the district court. Authority for such appeal is found in the four hundred and thirty-fifth section of the code, and by virtue of the four hundred and thirty-sixth section thereof, such case, when it reaches the district court, shall be tried *de novo*. Upon the trial in the district court, any matter, legitimate and pertinent to the objections raised by the objectors, and not concluded by the judgment ordering the sale, may be inquired into and determined. In order to justify the sale, the administrator must come with full authority, and show that the sale has been in all respects legally made. Upon hearing the objections to the sale, the court may, if the matters involved therein have not been passed upon in granting the petition for the sale, inquire into the establishment and authority of the court issuing the order of sale; into the validity of the appointment of the administrator; whether he has qualified as the law provides, by giving the required bond, taking the necessary oath, and giving the proper notice of his appointment, or into any other competent matter affecting the acts or authority of the administrator. And as the case is tried *de novo* in the district court, and as new and original papers may be filed therein, and the cause tried therein as if it had

been originally instituted in that court (sec. 444, Code of Civil Procedure), objections may be raised therein for the first time.

Before a sale may be confirmed, it must appear to the court that the same has been legally made. Probate Pr. Act, sec. 203. And so, if the administrator has failed to show that the court appointing him was legally constituted and authorized, or that letters of administration were duly issued, or that he has qualified according to law, or that notice of his appointment or of the sale was given according to law, or that the property was appraised and sold as the law directs, then the confirmation cannot take place.

Ordinarily, when in and about the administration of an estate everything has been regular, and the authority of the administrator unquestioned, the confirmation of a sale is much a matter of form, and inquiry upon a hearing for that purpose extends no further than to see that the order of sale has been complied with, and that the sale has taken place in all respects as the statute requires. But in a case where the appointment and qualification of the administrator is disputed, and the authority of the court appointing him is questioned, as they may be on such hearing, it becomes the duty of the district court, wherein the case is tried as if an original action, to determine and adjudicate the questions so presented, to the end that the statute which requires that a sale, before it shall be confirmed, must appear to have been legally made, shall be complied with. A sale cannot be legally made except by one having authority. To give an administrator authority, he must have been duly appointed by a court having jurisdiction and legally constituted, and when so appointed, he must have strictly complied with the law in and about making the sale.

1. This is an appeal from a judgment of the district court setting aside an order of the probate court confirming a sale of property by an administrator. The respond-

ents appeared in the probate court, and also in the district court, and objected to the confirmation of the sale, which objections are in substance as follows: First. That at the time of the pretended appointment of Richards as administrator of the deceased there was no legally constituted probate court in Custer county having authority to make such appointment. Second. That there was no order of any court in Custer county appointing said administrator. Third. That there was no notice given by Richards of his intention to make application to be appointed administrator. Fourth. That there was no legal evidence that the probate court of Custer county ever granted letters of administration to Richards; that his bond as administrator was never approved by the probate judge, and that the sureties never justified as required by law. And fifth. That the creditors of the estate were not properly notified of the pendency of the petition or the appointment of the administrator.

Thereupon the administrator moved the court to strike off said objections, for the reason that it did not appear that the objectors were creditors of the estate, or in any way interested therein, which motion was overruled. A trial ensued, and, after an examination of the proofs, the court rendered judgment that the cause and all the papers therein be returned to the probate court; that the administrator's report of sale be disapproved, and the sale set aside as null and void; that the administrator proceed to legally qualify as required by law, and settle the estate, giving notice of the adjudication of claims and allowing all parties to present their claims for allowance. From this judgment the administrator appeals to this court.

There was no motion for a new trial, and hence we cannot look into the evidence contained in the record or examine any of the questions raised therein. For the purposes of the case we must conclusively presume that the evidence supports the judgment, and that the objections to the confirmation of the sale were sustained by

the proofs, or that some one of them, fatal to the sale, was so sustained.

.The judgment as rendered was within the scope of the jurisdiction and authority of the district court. See *Broadwater et al.* v. *Thomas Richards, Adm'r,* decided at this term.

As we are to presume that the judgment of the district court is supported by the proofs, so we are to presume that the judgment of the probate court was not supported by the proofs. If the probate court was properly constituted and authorized, it had jurisdiction to render just such a judgment as was rendered in the district court, and 'should have done so on the same testimony; and if this judgment would have been legal and proper in the probate court, then the appellate court of the probate court, being a court of general common law and chancery jurisdiction, had authority to render the same judgment, and the judgment that the probate court ought to have rendered.

*Judgment affirmed, with costs.*