[No. 19300. Department One.—December 2, 1893.]

IN THE MATTER OF THE ESTATE OF CAVE J. COUTS, DECEASED.

ESTATES OF DECEASED PERSONS—ORDER OF SALE—SUFFICIENCY OF PETITION OF CLAIMANT—LAW OF THE CASE.—The determination by the appellate court of the sufficiency of the petition of a claimant against the estate of a deceased person, for an order requiring the executrix to sell sufficient real estate to pay the claim, rendered upon appeal from an order granting a nonsuit and dismissing the petition, is the law of the case, and conclusive of that question upon a subsequent appeal from an order denying a motion for a new trial to contestants of the petition after a second trial of the case.

ID.—ORDER TO SHOW CAUSE.—JURISDICTION—DEFAULT—PERMISSION TO FILE OBJECTIONS.—By the proper publication of an order to show cause why the petition of the claimant should not be granted, all persons interested in the order of sale are brought within the jurisdiction of the court, and are bound by its action as fully by default for not appearing, as if there had been an appearance and contest of the sufficiency of the peti-

tion; and after the determination by this court upon an appeal from that order that the petition was sufficient, the subsequent permission of the court below, to allow an heir to file objections to granting an order of sale, does not give such heir any right to renew objections to the sufficiency of the petition.

ID.—NOTICE TO PARTIES INTERESTED—EFFECT OF REVERSAL.—After a reversal of the order granting the nonsuit and dismissing the petition of the claimant for an order requiring the executrix to sell real estate, it is not necessary upon a second hearing to again give the statutory notice required by section 1539 of the Code of Civil Procedure; but the court is at liberty to hear and dispose of the petition upon such notice as may be provided by its general rules, or as it may deem reasonable in the particular case; and its action will not be disturbed unless it has abused its discretion or unless the parties entitled thereto are prevented from a hearing.

ID.—SETTLEMENT OF ACCOUNT—ALLOWANCE OF CLAIM—RES ADJUDICATA —EVIDENCE TO IMPEACH JUDGMENT.—Where an executrix, in the report accompanying her account, asked the court to determine the validity of any claim against her as executrix for services rendered and moneys paid for the benefit of the estate, and in the order settling the account, the court found that the claim mentioned in the report was a legal charge against the estate, and directed her to pay the same out of the moneys of the estate, the order settling the account and allowing the claim is conclusive against every one interested, except those laboring under disability; and evidence to impeach the correctness of the judgment, after it had become final by failure to appeal therefrom, is not admissible upon the hearing of a petition of the claimant for an order of sale, nor can the contestants show that the claim had been paid and discharged prior to the filing of the account.

ID.—COUNTERCLAIM—USE AND OCCUPATION OF LAND—PAYMENT—PLEADING.—A counterclaim must be pleaded, and, in the absence of such pleading, an offer to show that the claim of the petitioner for an order of sale had been paid by reason of his having had the use and occupation of part of the estate, for which he should account in a sum equivalent to the amount of his claim, is properly excluded, the claim for such use being, if valid, in the nature of a counterclaim, and not a payment of the petitioner's claim.

APPEAL from an order of the Superior Court of San Diego County denying a motion for a new trial.

On March 5, 1890, Cave J. Couts, one of the heirs-at-law of the decedent, having an allowed claim against the executrix of the will of the decedent, filed a petition for an order requiring the executrix to sell so much of the real estate as should be necessary to pay his claim, alleging that there was no personal property from which it could be paid. At the hearing of the petition upon the first trial, a nonsuit was granted, and the proceed-

ing dismissed, from which order an appeal was taken to the supreme court, the decision of which is reported in 87 Cal. 480. The order appealed from was reversed and the proceeding remanded for a new trial. Upon the second trial, in addition to the objections made to the petition by other devisees and heirs-at-law of the decedent, who had appeared at the first trial, Helen I. Dear, one of the children and heirs-at-law of the deceased, was permitted for the first time to file her objections to the granting of the petition. Further facts are stated in the opinions of the court upon the former and present appeals.

*Trippet, Boone & Neale*, for Appellants.

*Conklin & Hughes, George J. Leovy*, and *Leovy & Palmer*, for Respondents.

Harrison, J.—Upon the former appeal herein (87 Cal. 480), it was held that the petition for the order of sale was sufficient, and that determination is conclusive of the question upon the present appeal. The subsequent permission of the court below to allow Mrs. Dear to file objections to granting an order of sale does not give her any right to renew the objections to the sufficiency of the petition. By the proper publication of the order to show cause why the petition should not be granted, she was brought within the jurisdiction of the court, and was bound by its action as fully by her default for not appearing as if she had appeared and contested the sufficiency of the petition; and the determination by this court upon an appeal from that order was equally binding upon her. We do not, however, wish to be understood as intimating that the petition is in any respect defective, but to show that the question cannot be regarded as open for discussion.

It is not necessary for the court below, after our reversal of its former order, to again give the notice required by section 1539 of the Code of Civil Procedure. By the original compliance with the require-

ments of that section it had obtained jurisdiction in the matter and over all parties interested therein; and its subsequent action upon the petition was a movement within its jurisdiction, to be reversed only for some error in law which might be shown upon a direct appeal. After the *remittitur* had been filed therein, that court was at liberty to hear and dispose of the petition upon such notice as might be provided by its general rules, or as it might deem reasonable in the particular case; and unless it should be made to appear that it had abused its discretion in this respect, or that the parties entitled thereto had been prevented from a hearing, its action is not to be set aside. No claim of surprise or inability to properly present their objections was made herein, but the only objection to a hearing was the want of the statutory notice aforesaid, and this, as we have seen, was not required.

May 29, 1889, the executrix filed her account of receipts and disbursement on account of the estate from the 29th of January, 1887, to the 9th of May, 1889, and of all sums of money belonging to the said estate which had come into her hands as such executrix, and in the report accompanying her account stated that the respondent herein and some others had claims against her as executrix, the validity of which, as charges against the said estate, she asked the court to determine. Upon proper notice therefor this account was settled September 6, 1889, and in the order settling the account the court found that she had expended all the money that had been received by her as executrix, together with three hundred and fifteen dollars and three cents in addition, for which she was entitled to credit, and also that the claim of the respondent herein for twelve hundred and forty dollars and fifty-seven cents, mentioned in the report accompanying her account, was a legal charge against the estate, and she was directed to pay the same out of the moneys of said estate which might thereafter come into her hands as such executrix. At the hearing herein, upon the petition for the order of

sale, the contestants ought to show that the claim of the respondent had been paid and discharged prior to the filing of the foregoing account, but the court refused to allow any evidence to be given in support thereof. This ruling was correct. It was said upon the former appeal herein: "The order settling the account was appealable, and the allowance of the claim is conclusive against every one interested, except those laboring under disability." The offer of the appellants was to impeach the correctness of the judgment after it had become final.

The offer to show that the claim of the petitioner had been paid by reason of his having had the use and occupation of a portion of the estate, for which he should account in a sum equivalent to the amount of his claim, was properly excluded. No issue of this kind was presented to the court, and the claim, if valid, was in the nature of a counterclaim, which should have been pleaded. Even if the facts had been admitted, it would not constitute a "payment." (*Borland* v. *Nevada Bank,* 99 Cal. 94.)

The ordered is affirmed.

GAROUTTE, J., and PATERSON, J., concurred.

Hearing in Bank denied.