STATE EX REL. COTTER ET AL., RELATORS, *v.* DISTRICT
    COURT OF SECOND JUDICIAL DISTRICT ET AL.,
    RESPONDENTS.

(No. 2,304.)

(Submitted June 5, 1906.    Decided June 27, 1906.)

*Certiorari—Probate Proceedings—Attorneys—Appointment by
    Court—Removal.*

District. Courts—Probate Proceedings—Appointment of Attorneys for
    Minors.
    1.    The district court, in its discretion, may, in probate proceedings,
    under section 2925 of the Code of Civil Procedure, appoint an at-
    torney for minor heirs.
*Certiorari*—Probate Proceedings—Order Appointing Attorney for Minors
    —Vacation.
    2.    *Certiorari* is not the proper remedy to review an order of the
    district court made in probate proceedings, vacating an order, there-
    tofore made, appointing an attorney for minor heirs.
Discretion—Abuse—*Certiorari.*
    3.    An abuse of judicial discretion is not to act without jurisdiction
    or in excess of it, so as to make it reviewable on *certiorari.*

ORIGINAL application by the state, on the relation of John R.
Cotter and another, for writ of review to annul an order of the
district court of the second judicial district and Honorable
Michael Donlan, a judge thereof.    Dismissed.

*Mr. C. M. Parr,* and *Mr. G. J. Langford,* for Relators.

*Mr. John J. McHatton,* for Respondents.

. MR. JUSTICE MILBURN delivered the opinion of the court.

Application for writ of review.    On motion to quash order
to show cause why writ of review should not issue.    The court
having on the thirteenth day of February, 1905, appointed
C. M. Parr, Esq., as attorney for the alleged children of one
Cotter, deceased (mentioned in the statement made in the case
of *State* v. *District Court et al., ante,* p. 303, 87 Pac. 614, which

see for the other facts herein), did on the ninth day of April of the next year, on motion of the executrix, vacate the order appointing Mr. Parr as such attorney.

That an attorney may be appointed, in the discretion of the court, for minor heirs in probate proceedings is apparent from what is said in *State ex rel. Eakins* v. *District Court, ante,* p. 226, 85 Pac. 1022, and *Carpenter* v. *Superior Court,* 75 Cal. 596, 19 Pac. 174, and section 2925 of the Code of Civil Procedure.

The court was proceeding regularly in hearing and determining the motion to vacate the order appointing the attorney. As we say in the other *Cotter Case, ante,* the court may have erred and, if so, we cannot correct the wrong in this proceeding. To abuse discretion is not to act without jurisdiction or in excess of jurisdiction. It may be that these children are in fact the heirs of the deceased, and may have been lawfully acknowledged by their alleged father in writing, and therefore entitled to inherit part of the property. They should have a fair chance to prove their status in a proper proceeding. If this matter were brought before us on petition for writ of supervisory control, a different question would be presented, and, possibly, the children might be entitled to some relief from this court, but this we may not now decide.

The motion to quash the order to show cause is granted and the proceeding is dismissed.

*Dismissed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.