STATE EX REL. PAUWELYN, RELATOR, *v.* DISTRICT COURT OF SECOND JUDICIAL DISTRICT ET AL., RESPONDENTS.

(No. 2,318.)

(Submitted June 15, 1906. Decided July 6, 1906.)

*Certiorari—Probate Proceedings—Executors—Order of Sale— Real Estate—Powers of Probate Court.*

*Certiorari*—Probate Courts—Order of Sale—Staying Execution.
 1. The district court, sitting in probate, made an order of sale of certain real property to satisfy claims of creditors of the estate. Subsequently one of the devisees filed a petition that the property specifically devised to him be distributed to him. The court thereupon made an order requiring all persons interested in the estate to appear and show cause why the order prayed for should not be made, upon the execution by petitioner of an undertaking conditioned to pay his proportion of the debts of the estate, and directed the executor to postpone the sale until after hearing of the petition. *Held,* on *certiorari,* that the court had jurisdiction of the matter, and in determining it, to inquire into the condition of the estate and see whether a necessity for the sale still existed, and make its order accordingly, and that therefore the writ will not lie.

District Courts—Control of Process.
    2. The district court has power to control its own process within just limits, and so to protect the rights of parties and prevent arbitrary and unwarranted action by its officers.

ORIGINAL application by the state, on the relation of Cyril Pauwelyn, as executor of the estate of James Tuohy, against the district court of the second judicial district, and Michael Donlan and Geo. M. Bourquin, judges thereof, for a writ of review. Application denied.

*Mr. John J. McHatton,* and *Messrs. McBride & McBride,* for Relator.

*Mr. John B. Clayberg, Mr. T. J. Walsh, Messrs. Maury & Hogevoll, Mr. John A. Coleman, Mr. Wm. Scallon,* and *Mr. M. D. Leehey,* for Respondents.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Application for writ of review. On April 27, 1906, Daniel Shields, one of the devisees under the will of James Tuohy, deceased, filed his petition in the district court of Silver Bow county, wherein is pending the administration of the estate, and in the matter of the estate, asking that the property specifically devised to him be distributed to him, under the provisions of section 2835 of the Code of Civil Procedure. The contents of this petition it is not necessary to notice. On the following day the court made an order requiring all persons interested in the estate to appear and show cause why the order should not be made, upon the execution to the executor by Shields of an undertaking in such amount as the court might require, conditioned to pay his proportion of the debts of the estate. The order also directed the executor to postpone the sale of the particular property under an order of sale theretofore made and affirmed by this court on appeal (*In re Tuohy's Estate,* 33 Mont. 230, 83 Pac. 486), until after the hearing could

be had. The executor applied to the court for an order vacating this order in so far as it directed him to postpone the sale. This application was denied. Thereupon application was made by him to this court for a writ to annul the order to show cause in so far as it stayed his proceedings under the order of sale.

The contention made by counsel is that an order of sale is final and conclusive upon all those interested in an estate, as well as upon the court; that after it is made nothing remains to be done but to execute it, no matter what may be the condition of the estate or what has occurred since the making of the order; and that the court has no jurisdiction to entertain a petition for distribution or to stay proceedings under the order of sale.

An application for an order of sale is in the nature of an action to foreclose a lien upon the property of the estate to pay the debts and expenses and other like charges, and is closely assimilated in many of its aspects with a proceeding to foreclose a mortgage. The order is the decree (*Broadwater* v. *Richards,* 4 Mont. 80, 2 Pac. 544, 546), and the administrator or executor is the officer appointed by law to carry it into execution. In the performance of this duty he occupies very much the position of a sheriff in executing the decree by making foreclosure sale. When in either case the proceedings have terminated in the order or decree, the action of the court cannot be changed or reviewed, except on motion for a new trial or on appeal. As to all issues necessarily involved, the determination becomes final and conclusive. Assent to these propositions, however, does not involve assent also to the proposition that the court may not control its officers in the performance of their functions under the process in their hands or recall process already issued, when the circumstances of the case require such action. To illustrate: A sheriff has execution in his hands of foreclosure. He is tendered by the defendant the full amount of the debt, with all charges. Yet he insists that he must proceed to advertise and sell. It would be the manifest duty of the court under such circumstances to recall the execution and compel the acceptance of the money. This power is inherent in every court,

and is necessarily implied by the law from which its powers are derived, whether such powers be general or special and limited. Every court must of necessity have the power to control its own process; not arbitrarily, of course, but within just limits, to protect the rights of parties and prevent arbitrary and unwarranted action by its officers. So, where the administrator or executor is proceeding to sell the property of an estate, if circumstances have arisen since the making of the order dispensing with the necessity of a sale, the court may order him to proceed no further.

While the district court when sitting in probate matters has limited powers, it has all power incidentally necessary to exercise properly these limited powers, including the power to accept and enforce a compromise of a will contest and the like. (*In re Davis' Estate*, 27 Mont. 490, 71 Pac. 757.) Such incidental or implied power extends to all matters over which the court has jurisdiction. What action the court may take in the particular case must be determined upon the facts and circumstances presented.

Section 2835 of the Code of Civil Procedure provides that an application for partial distribution may be made at any time after the lapse of one year from the issuance of letters. Ordinarily the result of an order of sale would seem to be to cut off the right to have distribution, because the creditors have an absolute right to have their liens foreclosed. But, if the circumstances are such as to warrant it, the court may not only entertain the petition but grant the order prayed for, notwithstanding the order of sale has been made. At any rate, the court has jurisdiction to inquire into the situation of the case and make its order as the circumstances require. If it appears that the condition of the estate is so changed that a sale is no longer necessary—for instance, that the heirs or devisees, in order to save the property, have satisfied the claims of creditors—the lien of the creditors is discharged, and the duty to stop the sale and preserve the property is manifest. The court upon such application may decide wrong, as well as right; but,

if it goes wrong, there is a remedy by appeal.   (*In re Davis' Estate,* 27 Mont. 233, 70 Pac. 7___.)

The court having jurisdiction of the matter, both to hear and determine it, this court may not interfere.   The application is therefore denied.

*Writ denied.*

MR. JUSTICE HOLLOWAY concurs.

MR. JUSTICE MILBURN, being disqualified, takes no part in this decision.