[Civ. No. 615. Second Appellate District.—April 6, 1909.]

JOSEPH A. DANE, WALTER Q. DANE, and ANNIE D. UPTON, Respondents, v. P. J. LAYNE, Administrator of the Estate of JOSEPH F. DANE, Deceased, et al., Appellants.

ESTATES OF DECEASED PERSONS—SALE OF REAL ESTATE—SUFFICIENCY OF PETITION—OMISSION TO STATE "CONDITION AND VALUE"—SALE NOT INVALIDATED.—Under section 1537 of the Code of Civil Procedure, although the petition of the administrator of the estate of a deceased person, for the sale of its real estate, is required to state "the condition and value thereof," yet the failure to make such statement will not invalidate the subsequent proceedings, if the defects be supplied at the hearing, and the general facts showing the necessity of the sale, or that it is for the advantage, benefit and best interest of the estate and those interested therein, be stated in the decree.

ID.—"VALUE" NOT MATERIAL TO "NECESSITY"—ASSISTANCE OF DISCRETION.—When the sale involves the question of necessity, the "necessity" is the prime factor for consideration, and the question of "value" can throw no light upon the question of necessity; and, at most, the value is a matter to be stated to enable the court to exercise its discretion more intelligently, after it has determined the sale to be necessary.

ID.—PETITION AND DECREE FOR NECESSITY—AMOUNT OF PROPERTY SOLD—INTENDMENTS.—Under a petition setting forth facts showing a sale for necessity, and a decree thereon stating necessity, it must be intended that evidence thereof was given at the hearing, and that the court found therefrom the truth of the petition; and a like intendment must be made that the value was proved, and that the court intelligently exercised its discretion as to the amount of property ordered to be sold.

ID.—JURISDICTION OF COURT—PROOF OF NOTICE—MOVEMENT WITHIN JURISDICTION—REMEDY BY APPEAL.—Proof of compliance with the order of the court as to publication of the notice to show cause

why a sale should not be made as petitioned for, as required by section 1539 of the Code of Civil Procedure, conferred jurisdiction over all parties interested, and the subsequent action upon the petition was a movement within its jurisdiction, subject to be reversed upon appeal for such error as might be shown therein.

ID.—GENERAL JURISDICTION OF SUPERIOR COURT IN PROBATE—COLLATERAL ATTACK—ACTION TO QUIET TITLE.—The superior court, though sitting in probate, is still a court of general jurisdiction, and its action therein is entitled to the same presumptions that attach to its action in other cases when collaterally attacked. An action by nonresident heirs to quiet title to real estate sold, in the exercise of probate jurisdiction, is a collateral attack upon the action of the superior court.

ID.—IRREGULARITY IN ACTION OF COURT.—Any irregularity in the action of the court in ordering all the real property to be sold under a petition asking for a sale of only so much as may be necessary, and in its discretion to sell noncontiguous lots in one parcel, would be but an error of judgment, and is not the subject of collateral attack.

ID.—PURCHASE AT SALE BY APPRAISER THROUGH INTERPOSITION OF CORPORATION CONTROLLED BY HIM—SALE ONLY VOIDABLE.—If it be conceded that the sale of the land to an appraiser through the interposition of a corporation controlled by him was virtually a sale to the appraiser, it would not under any circumstances render the sale void, but only voidable, in an action to enforce a trust.

APPEAL from an order of the Superior Court of San Diego County vacating a judgment for defendants, amending its conclusions of law, and ordering judgment for the plaintiffs, E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

Luce, Sloane & Luce, for Appellants.

J. B. Mannix, for Respondents.

ALLEN, P. J.—Appeal by defendants from an order vacating a judgment theretofore rendered in favor of defendants and amending the conclusions of law theretofore filed, and ordering judgment in favor of plaintiffs.

The action was brought by the heirs of Joseph F. Dane, a nonresident, who died intestate in Massachusetts seised of certain premises in San Diego county, against the defendant

Layne, as administrator of the estate, appointed by the superior court of San Diego county, and against certain persons claiming to have acquired an interest in said premises under a sale made by their codefendant, the administrator, acting under an order of the superior court of San Diego county sitting in probate.

Upon the trial of the action, the court found that on March 14, 1905, subsequent to his appointment, the administrator presented to the superior court of San Diego county a petition for the sale of the real estate of said deceased situate in San Diego county; that such petition did not set forth the value of said real estate, or any part thereof, or any statement of such value, nor was it stated in said petition that such value could not be ascertained; that upon the filing of said petition the superior court made an order to show cause why an order should not be granted the said administrator to sell so much of said real estate at public auction as should be necessary; that the petition developed that there were no debts of the estate, and that the necessity for a sale of the real estate was occasioned by the costs and expenses incident to the administration, aggregating about $123; that in the matter of said estate one Dickenson was appointed one of the appraisers and did appraise the property of said estate; that in April, 1905, the superior court, upon due proof to the satisfaction of the court of the due publication of a copy of said order as required by law, made its order authorizing the administrator to sell, either in one parcel or in subdivisions, as the said administrator should judge most beneficial to said estate, the real estate belonging to said estate; that said real estate consisted of various town lots lying in different blocks and not contiguous to each other; that after due notice, under said order, the administrator sold all of the real estate belonging to said estate in one parcel to said Dickenson, who purchased the same in the name of a corporation, of which said Dickenson owned 1000/1004ths of all its outstanding capital stock; that such premises were sold for $495, an adequate and fair price; that thereafter the defendants Benjamin and Heilbron purchased the same of said corporation in good faith for value, without notice or knowledge of any adverse claims of any person or persons whomsoever. Under these findings and others, which we do not regard as material

to a decision of the questions involved upon this appeal, the court, as a conclusion of law, found that the sale of said real property was good and valid, and that plaintiffs had no interest in said property, or any part thereof, and rendered judgment accordingly in defendants' favor. Thereafter, upon motion made in May, 1907, the court vacated the judgment and amended and corrected its conclusions of law on the ground that the same were incorrect and erroneous, and not consistent with or supported by the findings of fact, and ordered judgment in favor of plaintiffs, quieting plaintiffs' title against all of said defendants except the administrator. From this order vacating the judgment and amending the conclusions of law and ordering judgment in plaintiffs' favor, defendants appeal.

The principal question for determination upon this appeal relates to the jurisdiction of the court to order the sale under the petition filed, respondents' contention in support of the judgment rendered in plaintiffs' favor being that such petition for the sale of the real estate omitting to state the value of the property, or any part thereof, or any statement in relation to such value, was a fatal defect, and by reason of which the court was without jurisdiction to order the sale, and as a consequence no title passed to the purchaser. Section 1537 of the Code of Civil Procedure enumerates the several matters and things necessary to be stated in the verified petition by the administrator for the sale of real estate, among which is, that he shall state "the condition and value thereof." It is further provided in that section that if any of the matters enumerated cannot be ascertained, they must be stated in the petition, but a failure to set forth the facts so enumerated will not invalidate the subsequent proceedings if the defect be supplied by the proofs at the hearing and the general facts showing that such sale is necessary, or that such sale is for the advantage, benefit and best interest of the estate and those interested therein, be stated in the decree. We regard the case of *Burris* v. *Kennedy,* 108 Cal. 331, [41 Pac. 458], as being decisive of the question presented. If it be admitted, as claimed by respondents, that some of the expressions in that opinion were not necessary to a determination of the case, the fact remains, however, that the reasoning employed by the distinguished justice who in that opinion

10 Cal. App.—24

spoke for the court is most convincing. It is there held that no sale is invalid on account of the omission to state in the petition any of the matters enumerated, provided the general facts showing that a sale is necessary are proven and found; that the necessity for a sale is the prime factor for consideration; that the question of value can throw no light upon such question of necessity; that, at most, it is a matter required to be stated to enable the court to exercise its discretion more intelligently after it has determined the sale to be necessary; that a petition setting forth the facts showing the necessity for a sale and a decree thereon imports a finding of their truth, and that evidence to that effect was given at the hearing; and it must follow that a like intendment exists in relation to those matters about which the court should take testimony that it might intelligently exercise a discretion as to the amount of property which should be ordered sold under the circumstances of the case, for it is manifest that the statement of value could only be important in connection with the exercise of such discretion.

Proof of compliance with the order of court as to the publication of notice to show cause, as required by section 1539, Code of Civil Procedure (*In re Couts,* 100 Cal. 403, [34 Pac. 865]), conferred jurisdiction on all parties interested in the estate, and its subsequent action upon the petition was a movement within its jurisdiction, to be reversed only for some error of law which might be shown upon direct appeal. In acting upon such petition, after jurisdiction to hear and determine was. acquired by due process of law, the superior court, although sitting in probate, was still a court of general jurisdiction, and its action therein is entitled to the same presumptions that attach to its action in other cases when collaterally attacked. Treating the action as one to quiet title, the attack upon the proceedings is collateral. (*Estate of Cook,* 137 Cal. 186, [69 Pac. 968].) Were we to consider the petition herein as one to vacate and set aside the judgment, as distinguished from an action to quiet title, nevertheless the frauds which can be the basis of such action must be extrinsic or collateral to the questions examined or determined. (*Bergin* v. *Haight,* 99 Cal. 52, [33 Pac. 760].) The matters at issue in this proceeding which in any sense could be denominated collateral questions were all decided adversely

to plaintiffs' contention, unless it can be said that the finding of the court that the purchaser at the administrator's sale was an appraiser would be sufficient to invalidate such sale. Without classifying this objection, and conceding that the sale to Dickenson through the interposition of the corporation which he controlled was virtually a sale to Dickenson, it would only, under any circumstances, render the sale voidable. (*Boyd* v. *Blankman,* 29 Cal. 20, [87 Am. Dec. 146].) The action of the court in ordering the sale of all of the property under a petition asking for a sale of only so much as was necessary, and the direction to sell in a single parcel, although not contiguous, were all matters within the jurisdiction of the court, and any irregularity connected therewith would be but an error of judgment and is not subject to collateral attack. If the court errs in its conclusion, "it is simply error in the exercise of its jurisdiction, which can be corrected only in the way provided by law for a review of the action of the trial court, and which cannot be reached on collateral attack or even reviewed in any other action." (*In re Estate of Mc-Neil,* 155 Cal. 333, [100 Pac. 1086].)

We refrain from commenting upon the many criticisms indulged in by counsel for respondents, which may be said to illustrate the possibility of predatory raids upon the estates of deceased persons through our system which tolerates the public administrator. The justness of these criticisms may be conceded, but the correction of the abuses, if any, must remain with the legislative branch of our state government. Our whole duty is accomplished if we correctly interpret the law as it exists.

We are of opinion that under the findings of fact the title to the premises is shown to be in the defendant purchaser under a valid sale, and the court erred in vacating the original judgment and substituting therefor the judgment from which the appeal is taken.

Judgment reversed and cause remanded, with instructions to the trial court to enter a judgment in favor of defendants and against plaintiffs.

Shaw, J., and Taggart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 3, 1909.