Beneficiaries and successors in interest of beneficiaries under the will of deceased appeal from an order confirming sale of real estate.
In the year 1930 Francis M. Ryan and William M. Carpenter were appointed and qualified as executors of the will of Edward Ryan, deceased. Under the terms of the will, Francis M. Ryan and five other children of the deceased were to share equally in the estate. Since that time Carpenter has completely neglected his duties as executor, and Ryan alone has conducted *Page 283 
the affairs of the estate. The district court responsible for the supervision of the estate has paid little attention to the provisions of Chapter 122 of the Code of Civil Procedure, and this court, over three years ago, although finding that there was ample cause to remove the executors, refused to do so on the sole grounds that the heirs had acquiesced in the delay and that the estate was in condition to be closed and could be closed within three months if the executors were allowed to proceed. (In reRyan's Estate, 109 Mont. 340, 96 P.2d 916.) If the court had foreseen the present condition, its decision would undoubtedly have been otherwise. We are not, however, expressing any opinion as to whether or not the heirs have contributed to the further delay in closing the estate.
The present appeal is from the order of confirmation of the[1] sale of real estate, based on defects in the notice of sale and disproportion of sale price to value of property. The question directly presented by the appeal is whether the order of confirmation and the sale of the property must be set aside; and the further question presents itself whether the order of sale also should be set aside, or a new sale conducted under it. The general rule is that issues not raised by the briefs will not be considered, but there is precedent for the court, in extraordinary cases, to decide matters not covered by the briefs. (Miller Insurance Agency v. Home Fire Ins., etc., Co.,100 Mont. 551, 560, 51 P.2d 628; Samuell v. Moore Merc. Co.,62 Mont. 232, 204 P. 376.) Out of consideration for the long suffering heirs, we have decided to examine the whole matter, in the hope that a fair price may be obtained for the property, and that there may sometime be an end to these proceedings.
Petition for sale of real estate was filed March 24, 1942. Pursuant to order to show cause issued and published, the order of sale was made and entered April 13. The property was reappraised April 11, by appraisers nominated by the executor. In this appraisement the ranch was properly described, apparently, and was appraised at $15,000. Lots 8 and 9 in Block 9 of Boulder Consolidated were appraised at $50, and another *Page 284 
piece of property in Boulder at $30. Except for defects in the description, notice of sale was properly given. At the sale on April 28, the ranch property was sold at public auction to Ed Murphy for $9,500. At the hearing on petition for confirmation the attorney for appellants bid $10,500, and Murphy raised his bid to $10,600. Appellants' attorney stated that the bid was his own personal bid and that his clients were not interested in it. However, the court refused to accept his statement as true, ruled that his clients were interested in the bid and had thereby waived their objections to confirmation of the sale, and confirmed the same to Murphy on his increased bid.
In the petition for sale there is no reference whatever to either the condition or value of the estate or to the county in which the land lies, and the inventoried value is not given. It describes the property as follows:
"Part of W 1/2 of Section 15, Twp. 5, Range 3 261 acres N 1/2 SW 1/4; W 1/2 S.E. 1/4 S.E. 1/4 NE 1/4; NE 1/4 S.E. 1/4; less 12 acres account R.R.R. of W. Sec. Twp. 5 Range 3 228 N 1/2; N 1/2 SW 1/4; NW 1/4 S.E. 1/4 less 7 acres right of way, Sec. 21, Twp. 5 Range 3 433 S 1/2 N 1/2, NW 1/4 NE 1/4; S 1/2 less 8 acres right of way, Sec. 29, Twp. 5 Range 3 512 NE 1/4 NE 1/4 Section 32 Twp. 5 Range 3 40 NW 1/4 Section 33, Twp. 5 Range 3 160 SW 1/4 SW 1/4 Section 28, Twp. 5 Range 3 40 Boulder Consolidated, Lots 8 and 9, Block 9."
The petition failed to mention the other piece of property in Boulder.
The order of sale, after the simple finding that "it appears the property cannot be divided," authorizes but does notdirect the executor "to sell all the real estate belonging to the estate, either in one parcel or in sub-divisions, as he * * * shall deem most beneficial to the estate, at public auction * * *." The land description is approximately the same as in the petition, except that about nine hundred acres of the land are shown as in Range 3 East. There is added the statement that "the lands *Page 285 
to be sold are known as the Edward Ryan Ranch in Boulder Valley, Jefferson County, Montana."
The notice of sale contains practically the same description as the order of sale. The account of sales in the return of sale has the same description except that the lots in Boulder Consolidated are omitted and the land in section 20 is described as "N 1/2 SW 1/4; W 1/2 S.E. 1/4; SE 1/4 NE 1/4; NE 1/4 S.E. 1/4," etc., and the Range is not designated as either east or west. In the body of the return, however, the explanation is made that the lands are actually in Range 3 West, that the mistake was the result of a clerical error, and that "the specific description was augmented by a general description reading as follows: `The lands to be sold are known as the Edward Ryan Ranch in Boulder Valley, Jefferson County, Montana.' That as this is the only ranch owned by the estate or in which it has any interest, the description in the order of sale and in the notices of sale would actually describe the lands with common certainty."
There is nowhere in the record any evidence to the effect that the lands are "known as the Edward Ryan Ranch," but presumably there was such testimony at the hearing on the order to show cause, for in the order of sale the court found that the lands specifically described in the order, including the Boulder town lots, several miles away from the farm land, were known as the Edward Ryan Ranch.
The order confirming sale describes the property as in Range 3 West, and otherwise contains the same description as the account of sales in the return — that is, the lands are correctly described except as to the lack of any description of those in the west half of Section 15. It omits the property in Boulder and in the east half of Section 15.
The most serious errors are the omission in the petition to state the condition or value of the estate, the description in the papers leading up to the sale of the lands as in Range 3 East, instead of West, the description of the West Half of the Southeast Quarter and the Southeast Quarter of the Northeast Quarter in Section 20 (comprising 120 acres) as "W 1/2 S.E. 1/ *Page 286 
4 S.E. 1/4 NE 1/4" (comprising 5 acres) in all papers up to the return, and the failure to properly describe the land in Section 15 anywhere in the record. The inventory describes this land by metes and bounds, and gives the acreage at 271 acres. Apparently about ten acres of it lie in the east half of the section. All other papers show 261 acres in the west half of the section, without describing them, and make no reference to the land in the east half. The description of the excepted twelve acres in Section 20 "account R.R.R. of W." while perhaps decipherable, is hardly to be approved.
Respondent contends that by bidding on the property at the[2] hearing on confirmation appellants' attorney waived defects in the notice of sale on behalf of his clients. Without considering the question whether or not such bid on behalf of the clients would constitute a waiver by them, it is clear that since the attorney stated at the hearing that it was his own personal bid, in which his clients were not interested, and since there was no evidence or indication to the contrary, there was no possible waiver.
Respondent further contends that the defective description was[3] cured by the statement that the lands were those known as the Edward Ryan Ranch. In view of the fact that the order and notice of sale while generally designating the lands as those "known as the Edward Ryan Ranch," used the defective specific description, and that there is no further evidence in the record as to what lands were so known, we cannot see how that designation can cure the defects.
We will first consider the question whether or not the sale[4] shall be set aside. The errors in description were carried forward into the notice of sale. The sale was confirmed as to 115 acres of land in Section 20 which were not described in the notice of sale or prior papers. Two hundred sixty-one acres of land in the west half of Section 15 were sold without any identification. Lands in Range 3 West were noticed for sale and sold as in Range 3 East. Section 10220, Revised Codes, requires the property to be described in the notice of sale with *Page 287 
common certainty. Section 10229 provides: "Before an order is entered confirming the sale, it must be proved to the satisfaction of the court or judge that notice was given of the sale as prescribed, and the order of confirmation must show that such proof was made." In the case of Plains L. I. Co. v.Lynch, 38 Mont. 271, 99 P. 847, 129 Am. St. Rep. 645, where very similar errors had occurred in the petition and order of sale, this court very clearly indicated that had that case been before it on appeal instead of collateral attack long after confirmation, the sale would have been set aside. The errors in description in the notice of sale require that the sale and the order confirming it be set aside.
We must next determine whether or not to order a new sale based upon the original order of sale. Appellants, apparently overlooking most of the defects in the sale proceedings, have even asked that a new sale be had under the old order. However, in doing that, we would be ordering a sale based on proceedings which omit various statutory requirements, defectively describe the property in the various respects noted, and omit about ten acres in the east half of Section 15 and 115 acres in Section 20. It would seem that if a new sale of the entire farm were to be made under the original order with the erroneous description, the court could not possibly confirm it. The description is such that a fair sale of the ranch can not be had, and it would certainly be an injustice to the heirs to require another sale to be attempted under that order.
The general rule is that an order of sale is a judgment, which cannot be attacked collaterally, and that an attack on an order of sale made in the hearing on confirmation is a collateral attack. Under that general rule, unless the order is void for jurisdictional defects, it must be accorded the dignity and stability of a judgment which neither the district court nor this court can set aside. Almost all attacks on orders of sale which appear in the cases were made collaterally, after confirmation of the sale, when rights of purchasers had attached. Injustice done to the purchasers has universally been considered in determining *Page 288 
what are jurisdictional defects, and the authorities are confused as to what constitute them. In a collateral proceeding, this court in Plains L. I. Co. v. Lynch, supra, held defects very similar to those in this proceeding not jurisdictional. If the court was right in that case, then this order of sale is not void for jurisdictional defects; and if it is a judgment or final order and cannot be set aside, another sale must be based on the highly defective petition and order under which no fair sale of the property can be had. The question is whether the order of sale is properly to be considered a judgment or final order binding on the parties and the court before rights have been acquired under it. If it is not a final order or judgment, then the district court has power to set it aside or correct it at any time before valid sale, provided such action is found to be to the advantage of the estate and those interested therein.
In the case of In re Spriggs' Estate, 20 Cal. 121, based on proceedings complying with the statute, the district court ordered the sale of four parcels of real estate for the payment of debts of an estate. The sale of the first parcel brought enough to pay all debts and expenses, but the administrator proceeded to sell the remainder of the property. The district court refused confirmation of the other three parcels and the purchaser of the second parcel appealed. The supreme court reversed the lower court, and ordered the sale confirmed, thus disposing of the property of the heirs against their will, and without any necessity therefor. In justification of its action in thus depriving the heirs of their property, the court held that they were bound by the order of sale as a judgment, and said: "The proceeding for the sale of the real estate of an intestate is in the nature of an action, of which the presentation of the petition is the commencement, and the order of sale is the judgment." This court has quoted that statement a number of times, commencing with Broadwater v. Richards, 4 Mont. 80,2 P. 546, but has twice, in cases involving the principle, come to a contrary result. (In re McGovern's Estate, 77 Mont. 182,
 *Page 289 250 P. 812; State ex rel. Pauwelyn v. District Court, 34 Mont. 345,86 P. 268.)
In the Spriggs Case, supra, the court further stated: "The provisions of the statute allowing objections to be made to the sale, and requiring for its efficacy a confirmation by the court, are only intended to secure such an execution of the order of sale that a just and fair price may be obtained for the property for the benefit of the estate. The authority of the court is limited to such a supervision and control that this end may be effected."
This court in In re McLure's Estate, 76 Mont. 476,248 P. 362, 366, seems to have concurred in that doctrine, and held that the order of sale is a judgment binding on the court. But in the course of the opinion it said: "Neither the order of sale, the offering for sale in the manner prescribed in the order, nor the bidding in of the property at such sale, effects a `sale or conveyance of real property.' It is the order of confirmation which finally operates to divest the heirs of their title and to secure to the proposing purchaser the property thus `sold'."
And in Plains L. I. Co. v. Lynch, supra, 38 Mont. at page 286, 99 P. at page 851, 129 Am. St. Rep. 645, the court said: "The order of sale was the warrant of authority by which the administratrix acted, and without it she could not have proceeded. * * * But, after all, it is but a determination that the sale is necessary and an authority to make the sale. It does not affect the title or grant any right. It is the order of confirmation which finally operates to divest the heirs of their title and to secure to the purchaser the property." (34 C.J.S., Executors and Administrators, sec. 607.)
In State ex rel Pauwelyn v. District Court and In reMcGovern's Estate, supra, this court held that the proceeding for sale in a probate matter was analogous to a proceeding to foreclose a lien on real property or to foreclose a mortgage, with the administrator in the position of the officer appointed to make the sale, and that the order of sale was process which the court could control, and in a proper case disregard. *Page 290 
If the order of sale is conclusive, it is so because of section 10558 of the Revised Codes, which provides:
"The effect of a judgment or final order in an action or special proceeding before a court or judge of this state, or of the United States, having jurisdiction to pronounce the judgment or order, is as follows:
"1. In case of a judgment or order against a specific thing, or in respect to the probate of a will, or the administration of the estate of a decedent * * * the judgment or order is conclusive upon the title to the thing, the will, or administration, * * *."
If an order of sale in a probate proceeding is not a judgment or final order, the statute does not apply, and the effect of the order is not conclusive, but it may be set aside by the court like any other preliminary administrative order. Section 9313 of the Revised Codes defines a judgment as follows: "A judgment isthe final determination of the rights of the parties in an action or proceeding."
The proceeding for the sale of real estate is actually one[5] continuous proceeding commencing with the filing of the petition and ending with the order of confirmation. (Reed v.Stewart, 12 Idaho 699, 87 P. 1002, 1152.) The order of sale, except in exceptional cases hereinafter referred to, simply directs that property of the estate be offered for sale. There is no sale until the order of confirmation by the court. (34 C.J.S., Executors and Administrators, sec. 607; State ex rel. King v.District Court, 52 Mont. 182, 186, 111 P. 717; Plains L. I. Co. v. Lynch, supra; and In re McLure's Estate supra.) The view that the order of sale is a judgment is apparently based upon the reasoning that, by the order of sale, the court finally determines the right of the creditors or heirs to have the property sold, and that by the order confirming sale, it finally determines to whom it shall be sold and for how much; that each of these determinations is a separate and final determination of a separate right of the parties, and that each order is therefore a *Page 291 
judgment or final order in the proceeding and binding as such upon the parties under the provisions of section 10558. We are unable to agree with that reasoning, but rather consider the determination in the order of sale that the property shall be sold as only a part of the sale proceedings. The final determination fixing the right of the parties is the order confirming sale and adjudicating that the property shall be sold to a certain person for a certain amount. Until then, the heirs' or devisees' title is not divested. We do not believe that the order of sale should be considered the final determination of any rights of the parties, since it is merely preliminary and can have no final effect without an actual sale and a further order which admittedly does finally determine the rights of the parties. In other words, we regard the order of sale in the usual case as a preliminary administrative order, and the order of confirmation as the only judgment or final order in the proceeding, and hence consider that up until the time of valid sale, the district court has the right to set aside the order of sale if it finds that action is for the best interests of the estate and those interested therein.
It may be possible that in some cases and for some purposes the order of sale may have the effect of a final adjudication, as where it determines, as between devisees, which of certain specifically devised lands shall first be sold. That, however, is a matter which is not before us in this case.
The sale and the order confirming sale are set aside, and the district court is directed to set aside the order of sale without prejudice to the filing of a new petition therefor.
MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ERICKSON, MORRIS and ANDERSON concur. *Page 292