HAUGAN et al., Respondents, v. YALE OIL CORPORATION et al., Appellants.

No. 8905

Submitted March 10, 1950. Decided May 9, 1950.

217 Pac. (2d) 1084

(1)

Mr. E. A. Blenkner, Columbus, Mr. M. L. Parcells, Columbus, for appellants. Mr. Blenkner argued orally.

Mr. J. H. McAlear, Red Lodge, for Haugan.

Messrs. Wiggenhorn and Hutton, Billings, for Meyer and Chapman State Bank. Mr. Wiggenhorn argued orally.

Messrs. Rockwood Brown and Horace S. Davis, Billings, Mr. Norman Hanson, Billings, Mr. William H. Bellingham, Billings, Mr. Vard Smith, Livingston, Mr. Earl V. Kline, Billings, Mr. Grover C. Cisel, Billings, Mr. Fred L. Gibson, Livingston, Mr. George E. Snell, Billings, Mr. William Scallon, Helena, amici curiae.

MR. JUSTICE METCALF:

This is an appeal from a decree quieting title to certain real property in Carbon county, Montana, in the plaintiffs and respondents.

The facts are not disputed. In 1939 John J. Sontag was the owner of the real property in controversy. On June 23, 1939, he died testate. An administrator with the will annexed was appointed and duly qualified. The heirs of John J. Sontag, deceased, were Janet Sontag Rowlen, Margaret Sontag Lockrem, Joan Sontag Evans and Jean Sontag Helmts, daughters of decedent. At the time of decedent's death Joan Sontag Evans

was 13 years old and Jean Sontag Helmts was 11 years old. These two devisees are the only appellants. After the qualification of the administrator he petitioned for an order of sale of real estate. The petition recited that the taxes and claims against the estate amounted to approximately $1,200, costs of administration to about $200 and that a mortgage against the property amounted to $2,500 and interest, and that it was necessary to sell the real estate in order to pay the above debts and costs of administration. An order to show cause was issued directing all persons interested in the estate to appear before the court to show cause why an order should not be granted to the administrator to sell such real estate. This order to show cause was published for the requisite statutory period. The petition for the order of sale of real estate set forth that Joan Sontag, aged 13, and Jean Sontag, aged 11, resided in Spokane, Washington. On December 2, 1939, the court issued an order for the private sale of the real estate, directing "the said administrator * * * to publish notice of said sale for two weeks successively next before the day on which, or after which, the sale is to be made."

Section 91-3004, R. C. M. 1947, Rev. Codes 1935, 10213, provides that a copy of the order to show cause must be personally served on the heirs of the decedent if they are residents of the county and can be found therein. If they are not residents of the county the clerk may deposit copy of the order in the post-office, registered, with postage prepaid, directed to the person to be served at his place of residence, at least ten days before the time appointed for hearing of the petition. "In lieu of such personal service or service by mail such order may be published once a week for two (2) consecutive weeks in such newspaper in the county as the court or judge may direct."

Section 91-3013, R. C. M. 1947, Rev. Codes 1935, 10222, provides that when the real estate is ordered to be sold at a private sale the notice must be posted in three public places in the county in which the land is situated, "and published in a newspaper * * * for two weeks successively next before the day on or after

which the sale is to be made * * *. The notice must state a day on or after which the sale will be made, and a place where offers or bids will be received. The day last referred to must be at least fifteen days from the first publication of notice, and the sale must not be made before that day, but must be made within six months thereafter.''

The notice of the sale of the real estate by the administrator stated that the sale would be made ''on or after the 26th day of December 1939.'' This notice was published in the Carbon County News on December 8, 1939, and on December 15, 1939. On January 12, 1940, a return of sale was filed setting forth that subject to the confirmation of the court the administrator had sold the real estate and the administrator asked that the return be set for hearing and the sale be confirmed. On January 26, 1940, an order of confirmation was made directing the execution of a conveyance. Thereafter the real estate in question was conveyed by the purchaser to one Mary E. Kelly, who in turn conveyed to one L. E. Boe, who conveyed to the plaintiffs.

The plaintiffs brought this action to quiet title to the property, joining as defendants the heirs of John J. Sontag, deceased, including the appellants herein.

The defendants, Joan Sontag Evans and Jean Sontag Helmts, filed an answer and cross-complaint each claiming to be the owners of an undivided one-fourth interest in the land because the notice of sale of the real estate was not published in compliance with the statutory requirements. The trial court sustained a demurrer to defendants' answer and cross-complaint.

The first question presented is whether the alleged defect in the proceedings for the sale of the real property of the estate voids the proceedings so that the deeds of the administrator passed no title to the plaintiffs' predecessors in interest.

''An attempt to invalidate a judgment, or a decree having the force and effect of a judgment, in a quiet title suit is a 'collateral attack'.'' Harrison v. Cannon, 122 Mont. 318, 203 Pac. (2d) 978, 980. This action then is a collateral attack upon

the order confirming the sale of real estate to the predecessors in interest of the plaintiffs.

A proceeding for the private sale of land is separate from the administration of the estate. Although it arises in the course of the administration, it is a distinct and independent proceeding. 21 Am. Jur., Executors & Administrators, sec. 566, p. 698; 2 Bancroft's Probate Practice, secs. 571 and 580.

"A proceeding for the sale of real estate in probate is in the nature of an action of which the presentation of the petition is the commencement and the order confirming sale is the final judgment." Montgomery v. First National Bank of Dillon, 114 Mont. 395, 407, 136 Pac. (2d) 760, 766; In re Ryan's Estate, 114 Mont. 281, 134 Pac. (2d) 732.

"The proceeding to sell is independent in the sense that *jurisdiction over it is invoked by filing the petition,* and is not included in the general jurisdiction over the administration. Richardson v. Butler, 82 Cal. 174, 23 Pac. 9, 16 Am. St. Rep. 101. Section 7565, Revised Codes above [R. C. M. 1947, sec. 91-3005]. provides for a hearing upon the petition, but only after satisfactory proof of service of the order to show cause has been made. In other words, until such satisfactory proof of service has been presented, the court is without authority to hear the petition or take any action with reference to it." (Emphasis supplied.) Lamont v. Vinger, 61 Mont. 530, 541, 202 Pac. 769, 772. See also: In re Tuohy's Estate, 33 Mont. 230, 83 Pac. 486; Broadwater v. Richards, 4 Mont. 80, 2 Pac. 546.

Therefore, if the presentation of the petition is the commencement of the action conferring jurisdiction upon the court, the service of the order to show cause serves the purpose of a summons in an ordinary action to confer jurisdiction over the persons. In re Davis' Estate, 35 Mont. 273, 281, 88 Pac. 957; Lamont v. Vinger, supra. In the case at bar it is admitted that the petition for the sale of the real property of the estate and the order to show cause issued as a result of the filing of that petition complied with the requirements of the statute.

"Proof of compliance with the order of court as to the publication of notice to show cause * * * conferred jurisdiction on all parties interested in the estate, and its subsequent action upon the petition was a movement within its jurisdiction, to be reversed only for some error of law which might be shown upon direct appeal." Dane v. Layne, 10 Cal. App. 366, 101 Pac. 1067, 1068, 1069; In re Couts' Estate, 100 Cal. 400, 34 Pac. 865.

If the court is moved by a proper petition and the order to show cause is issued and served in a regular manner any subsequent defects in the proceeding are errors within jurisdiction and subject to review on appeal but not subject to attack in a collateral proceeding. Plains Land & Improvement Co. v. Lynch, 38 Mont. 271, 289, 99 Pac. 847, 129 Am. St. Rep. 645.

Therefore, although it is conceded that the publication of notice of sale of the real estate did not comply with the provisions of the statute, nevertheless jurisdiction having attached, the irregularity could not be attacked in a collateral proceeding.

A recital in the order of sale that an order to show cause was issued and service made to the satisfaction of the court protects a purchaser against a collateral attack since he need not look beyond the order if made within jurisdiction. Lamont v. Vinger, supra.

In the latter case no order to show cause was issued or served as required by law. No jurisdiction was acquired over the persons so the proceedings thereafter were a nullity. But here is an irregularity in a subsequent proceeding after jurisdiction has attached and except upon appeal or a direct action of annulment, it cannot be assailed. Harrison v. Cannon, supra; R. C. M. 1947, sec. 91-3312.

These appellants were minors at the time of the administration of the estate and no guardian was ever appointed to represent them in the probate proceedings. It is then contended that these infants were never properly brought within the jurisdiction of the court. R. C. M. 1947, secs. 93-2805 and 91-4509.

R. C. M. 1947, sec. 91-4316, provides: "At or before the hear-

ing of petitions and contests for the probate of wills; * * * for sales of real estate, and confirmation thereof; * * * the court or judge may, in its or his discretion, appoint some competent attorney-at-law to represent in all such proceedings the devisees, legatees, or heirs * * * who are minors and have no general guardian in the county, or who are nonresidents of the state * * *.'' It also provides: ''The nonappointment of an attorney will not affect the validity of any of the proceedings.''

The court is invested with discretion in the determination as ▇ to whether or not the best interests of the minor heirs require the appointment of an attorney. State ex rel. Hamilton v. District Court, 102 Mont. 341, 57 Pac. (2d) 1227; State ex rel. Cotter v. District Court, 34 Mont. 306, 87 Pac. 615. The statute imposes upon the court the responsibility to look after the interests of minors. Here the interests of the two adults were the same as those of the minors and the court might reasonably conclude that the interests of the heirs were amply protected by their adult sisters and that the additional expense of appointing an attorney to represent the minor heirs was unwarranted. That was in the court's sound discretion and the fact that no attorney was appointed did not affect the validity of the proceedings. R. C. M. 1947, sec. 91-4316, supra.

The judgment is affirmed.

ASSOCIATE JUSTICES ANGSTMAN and FREEBOURN concur.

MR. CHIEF JUSTICE ADAIR dissents.

MR. JUSTICE BOTTOMLY:

I dissent. It is clear that in this state failure to publish a notice of sale of real estate (as in this case) under the mandate of the statute is jurisdictional error.

The legislature should be appealed to, not the court. The former opinion of this court herein was correct.

Cause originally submitted September 30, 1949.

Reargued on rehearing March 10, 1950.