**UNITED STATES of America,**
**Plaintiff,**
v.
**Jack E. HOERNER et al., Defendants.**
**Civ. No. 1926.**

United States District Court
D. Montana,
Great Falls Division.
Dec. 20, 1957.

Krest Cyr, U. S. Atty., Butte, Mont., and Dale F. Galles, Asst. U. S. Atty., Billings, Mont., for plaintiff.

Dale L. McGarvey, Kalispell, Mont., and Joseph F. Meglen, Billings, Mont., for defendants.

JAMESON, District Judge.

In this action the Government is condemning certain lands in Flathead County, Montana. The issue of just compensation was referred to three commissioners, and their report was filed August 23, 1957. Defendants have filed a motion to

set aside and void the hearing before the commissioners, and their report, on the ground that "personal service of notice was not made on all persons having or claiming to have an interest in the property * * * as is required by Rule 71A of the Federal Rules of Civil Procedure."

The defendants Jack E. Hoerner and Olga B. Hoerner, his wife, were served with notice and filed an answer on May 22, 1957. On July 10, 1957, the deposition of Jack E. Hoerner was taken by the plaintiff, from which it appears that title to the property in question stands in the name of Jack E. Hoerner, but that pursuant to some family agreement "personal to the family" his mother, Caroline Hoerner, and his brothers Mike Hoerner, John Hoerner, Adolph Hoerner, Tony Hoerner, Frank Hoerner, Willie Hoerner, Vincent Hoerner, Peter Hoerner and Ronnie Hoerner, (and presumably other brothers and sisters not named) have an interest in the land, "share and share alike" and share the proceeds from the land, share and share alike. With respect to Jack E. Hoerner's representation of his mother, brothers and sisters, he testified as follows:

"Q. (By Krest Cyr, attorney for plaintiff). In this action at this time you are representing all your brothers and sisters and your mother? A. That's right.

"Q. And it is your lawyer's intention, who is present at this time, Mr. McGarvey, to file an amended answer, appearing for all your brothers and sisters, and your mother, who have an interest in this property, is that right? A. Repeat that please.

"Q. It is your attorney's intention to file an answer, appearing for all your brothers and sisters, and your mother, that have an interest in the property as well as yourself? A. That I am appearing for them all?

"Q. Yes. A. Yes.

"Q. In the pleadings they will all appear, and any award that may be made arising out of this action for the full interest that is being taken by the Government here, is that right? You agree to that?

"Mr. McGarvey: Yes.

"The Witness: One thing that I hesitated about answering was: an award being made—that I don't like —that you make the award all separately or to me alone, and—

"Mr. Cyr: Well, upon satisfactory evidence of the fact that they have authorized you to accept the award we could make it to you personally and as attorney in fact for these others. Otherwise we would have to put the names of all of them on the check. Is that all right?

"Mr. McGarvey: That's all right." Thereafter, authorizations were executed and filed by the mother, brothers and sisters of Jack E. Hoerner, reading as follows:

"We, the undersigned, hereby authorize Jack E. Hoerner to appear for us and represent any interest that we may have in the above entitled proceedings;

"We request that the whole award be paid to Jack E. Hoerner and Olga Hoerner, the record owners of the property involved in said proceedings, in payment for the full interest in said property being taken by the United States of America in said proceedings."

The property had belonged to Anton Hoerner, whose estate was probated in the District Court of Flathead County, Montana. Vincent Hoerner was appointed administrator on May 6, 1941 and notice to creditors was published in October, 1941. The estate has never been closed, the last instrument being a withdrawal of attorney, filed August 24, 1945. The authorizations quoted above were executed by all of the persons named as heirs of Anton Hoerner in the probate proceedings, including those specifically named by Jack E. Hoerner in his dep-

osition. Jack E. Hoerner prosecuted to judgment in the District Court of Flathead County an action to procure a tax deed covering the property in question. In this action, among others, his mother, brothers and sisters, together with the Anton Hoerner Estate and Vincent Hoerner as administrator of the estate, were named as parties defendant. Decree was entered March 17, 1953.

At hearing on this motion, counsel for defendant stated that he was representing "all the heirs", i. e., Jack E. Hoerner, his mother, brothers and sisters.

Counsel for defendants contend:

(1) That Vincent Hoerner, as administrator of the estate of Anton Hoerner, deceased, was not served in the action to procure tax deed and that the heirs of Anton Hoerner accordingly were not "foreclosed of their interest in the property in question."

(2) That the authorizations quoted above did not constitute an admission of service or submission to the jurisdiction of the court.

The action to procure tax deed was prosecuted pursuant to the provisions of Sections 84-4162 to 84-4170, inclusive, Revised Codes of Montana 1947. Under Section 84-4168, the judgment is "binding and conclusive upon the defendants therein named * * *", and all defendants "shall be forever barred and enjoined from claiming or asserting any claim" existing at the time of the entry of judgment. In the decree entered March 17, 1953, the court found that each and all of the defendants had been "duly and legally served with summons and process". Defendants have submitted the return of the sheriff reciting service upon Vincent Hoerner on November 26, 1952, and an affidavit of the deputy who made service that he does not "recollect making any service upon Vincent Hoerner in any other respect or capacity except that upon Vincent Hoerner as an individual". There is no contention that the action was defective except in the failure to serve Vincent Hoerner in his capacity as administrator of the Anton Hoerner estate. The estate is not a party here.

■ In the decree the court found "that the defendant Vincent Hoerner is now and ever since on or about the 6th day of May, 1941 has been duly appointed, qualified and acting administrator of the estate of Anton Hoerner, deceased." The alleged defect in service is not of the type considered by the Supreme Court of Montana in Lamont v. Vinger, 61 Mont. 530, 202 P. 769, where the court held that the failure to give notice to the heirs of an estate rendered an administrator's sale void. Here there is an express finding that Vincent Hoerner, defendant, and Vincent Hoerner, administrator, are the same person and that all defendants had been duly and legally served. It is my opinion that under these circumstances the decree is not now subject to collateral attack.

■■ But even if this were not true, the failure to serve Vincent Hoerner as administrator would not be fatal to the divesting of title of the heirs of the estate. It is clear under Montana law that title to the property of a deceased vests in the heirs immediately upon the death of the intestate, subject only to the control of the district court and the possession of the administrator, for purposes of administration. Lamont v. Vinger, supra. There is no suggestion that creditors of the deceased or the estate yet remain to be paid, or that final settlement of the estate would be dependent upon this asset. As noted above, notice to creditors in the Anton Hoerner Estate was given in October, 1941, so that the time for filing claims expired more than 15 years ago. Having shown no grounds which would be sufficient to subject the action to procure a tax deed to collateral attack, this issue must be determined against the defendants.

Counsel for plaintiff suggest that a finding in plaintiff's favor on this issue alone is sufficient ground to deny the motion. But this ignores the fact that equities of persons who were heirs of Anton Hoerner may have arisen since the de-

cree was entered in the tax deed proceeding. In fact, for the purposes of this motion, it must be assumed that such equities did arise and that by reason of the deposition of Jack Hoerner taken on July 10, 1957, the Government had notice thereof subsequent to the bringing of this action.

Admittedly under Rule 71A, Federal Rules of Civil Procedure, 28 U.S.C.A., the Government was required, after commencement of the action, but prior to the hearing involving compensation, to add as defendants "all persons having or claiming an interest in that property whose names can be ascertained by a reasonably diligent search of the records * * * and also those whose names have otherwise been learned", with process to be served as otherwise provided "upon all defendants, whether named as defendants at the time of the commencement of the action or subsequently added."

■ The question then arises as to the effect of the authorizations executed and verified by the mother, brothers and sisters of the defendant Jack E. Hoerner and filed in this proceeding. May these defendants now deny the jurisdiction of this court by attacking the validity of the "authorizations" through which they made their appearance? In considering this question it must be kept in mind also that one of the attorneys who now represents these defendants participated in the taking of the deposition of Jack E. Hoerner and in the exchange between counsel quoted above.

Rule 22 of the Rules of Practice of the United States District Court for the District of Montana provides:

"Special Appearance.—Any party may, without leave of Court, appear specially in any action at law or suit in equity, for any purpose for which leave to appear could be granted by the Court, by stating in the paper which he serves and files that the appearance is special and that if the purpose for which such special appearance is made shall not be sanctioned or sustained by the Court, he will appear generally in the cause within the time allowed therefor by law or by the order of Court, or by stipulation of the parties. If such statements be not made as above provided, the appearance shall be deemed and treated as a general appearance * * *."

An appearance sufficient to waive the court's jurisdiction over a person is a matter of intention, actual or implied. It is not to be inferred except as the result of acts from which an intent may properly be inferred. Durabilt Steel Locker Co. v. Berger Mfg. Co., D.C.N.D Ohio E.D.1927, 21 F.2d 139; Grable v Killits, 6 Cir., 1922, 282 F. 185, 195, 6 C.J.S. Appearances § 12, p. 19. Can such an intent be found from the circumstances here?

■■ As a general rule any action on the part of a defendant, except to object to the jurisdiction over his person, which recognizes the case as in court, will constitute a general appearance. Massachusetts Bonding & Insurance Co. v. Concrete Steel Bridge Co., 4 Cir., 1930, 37 F.2d 695, 701; Jos. Riedel Glass Works, Inc. v. Keegan, D.C.Me.S.D.1942, 43 F.Supp. 153, 159; The Ucayali, D.C. La.1942, 47 F.Supp. 203; 6 C.J.S. Appearances § 13, p. 42. In Montana, the rule has been stated thus: "In fact, any act which recognizes the case as in court constitutes a general appearance, and even in the face of a declared contrary intention, a general appearance 'may arise by implication from the defendant seeking, taking, or agreeing to some step or proceeding in the cause beneficial to himself or detrimental to the plaintiff,' other than one contesting only the jurisdiction of the court," * * * Haggerty v. Sherburne Mercantile Co., 1947, 120 Mont. 386, 395, 186 P.2d 884, 891; Gravelin v. Porier, 77 Mont. 260, 274, 250 P. 823, 826.

■ In this case there can be little question that the parties who signed the authorizations recognized the case as in court and that a judgment or award was

to be made therein. Their taking or agreeing to this step in the action is consistent with no other purpose or intent than to make a general appearance.

■■ A party may appear in person or by his agent. Everett Ry., Light & Power Co. v. United States, D.C.W.D. Wash.1916, 236 F. 806, 808. Nor can the fact that the parties were not named or served as defendants serve to relieve them of their general appearance. See New York Trust Co. v. Watts-Ritter & Co., 4 Cir., 1932, 57 F.2d 1012, where the mere filing of waiver of notice of application for appointment of receiver by a corporate trustee not named as a party in the pleadings or served with process was held to have constituted a general appearance.

As far as shown by the record, plaintiff had no knowledge of any interest of the mother, brothers and sisters of Jack E. Hoerner, except as disclosed by Hoerner in his deposition. Plaintiff had a right to rely upon the representations in the deposition, the exchange of counsel therein, and the subsequent authorizations filed by all of the heirs pursuant to the understanding at the taking of the deposition. There was no reason to make any additional service pursuant to Rule 71A. It would not seem that the defendants could now deny their own acts which accomplished the very purpose intended and which would, were their contentions upheld, operate to the prejudice and detriment of the plaintiff who relied thereon.

"If, except where some counter doctrine presses with a superior force forbidding, a party has requested, or consented to any step taken in the proceedings, or if at the time for him to object thereto he did not, he cannot afterward complain of it, however contrary it was to his constitutional, statutory, or common-law rights." This principle, here applicable, was quoted with approval by the Montana Supreme Court in Haggerty v. Sherburne Mercantile Co., 120 Mont. 386, 405, 186 P.2d 884, 896, and cases cited there.

Defendants' motion is denied.