No. A-CV-51-91
# Supreme Court of the Navajo Nation

---

**Mary Magdalene Nez, Appellant,**
v.
**Harrison Nez, Appellee.**
**Decided August 11, 1992**

---

## OPINION

Before YAZZIE, Chief Justice, BLUEHOUSE and AUSTIN, Associate Justices.

John Chapela, Esq., Window Rock, Navajo Nation (Arizona), for the Appellant; and Louis Denetsosie, Esq., Window Rock, Navajo Nation (Arizona), for the Appellee.

Opinion delivered by BLUEHOUSE, Associate Justice.

### I

This is an appeal of a divorce judgment issued by the Window Rock Family Court. The issue before us is whether the family court erred by failing to award back child support to the appellant. We hold that the family court, while not necessarily required to award back child support, nevertheless committed error by not supporting its judgment with findings of fact that the terms of the divorce were in the best interests of the children.

### II

On January 21, 1987, the Eleventh Judicial District Court of the County of McKinley, New Mexico, entered by default a decree dissolving the marriage of Mary Magdalene Nez, appellant, and Harrison Nez, appellee. The decree divided the community property and debts, awarded custody of the two minor children to the appellant, gave visitation rights to the appellee, and ordered the appellee to pay the appellant "30% of his net income for the support of the minor children."

More than four years later, on April 1, 1991, the appellant filed a petition in the Window Rock Family Court for recognition and enforcement of the prior decree of the state district court. The appellant claimed that the appellee had paid only $660 since the entry of the decree and asked the family court to enforce the terms of the decree retroactively.

On October 1, 1991, the family court issued its findings of fact and conclu-

sions of law with regard to the appellant's petition. The court found that at the time the state district court entered its decree of dissolution, both parties were residents of Navajo, New Mexico, located exclusively within the boundaries of the Navajo Nation. The family court also found that both parties remained residents of Navajo, New Mexico. The court then observed that state laws do not control domestic relations disputes within Navajo jurisdiction. (Citing *Sells v. Sells*, 5 Nav. R. 104, 107 (1984)).

Thus, the state district court had lacked subject matter jurisdiction in issuing a divorce decree "relating to and [sic] enrolled resident member of the Navajo Nation." (Apparently, the family court assumed that at least one of the parties was a member of the Navajo Nation.) Noting that the state decree was therefore invalid, the family court then asserted jurisdiction over the parties' divorce.

The family court first took note of the authority of Navajo courts to honor and enforce judgments of other jurisdictions in consideration of "the right of the foreign court to issue the judgment, of the propriety of the proceeding, and of any relevant public policy of the Navajo Nation." (Citing *In re Guardianship of Chewiwi*, 1 Nav. R. 120 (1977)). The court also looked to "the passage of time, the parties' reliance on the New Mexico decree and the children's best interests." In light of these factors the family court adopted the terms of the state decree, retroactive to the date that the decree was entered, insofar as property division, child custody, and divorce were concerned, but not with respect to child support. The court also ordered appellee to pay temporary monthly child support of $150 per child, from the date of the filing of the petition with the family court, until otherwise ordered.

In its amended final judgment issued on November 12, 1991, the family court noted that the parties had "appeared personally and by counsel" and had "reached settlement on all remaining issues, ... such settlement appearing to be fair and equitable to each of them and serving the best interests of the minor children." At oral argument, both parties acknowledged that the stipulated agreement to which the family court referred had been lost.

The family court then ordered the appellee to pay the appellant $2,100 in arrearages under the court's October 1, 1991 order. The court also ordered the appellee to pay the appellant $150 per month per child, commencing November 1, 1991, and ending when each child reached eighteen years of age. The court declined to award any retroactive child support to the appellant.

The appeal was filed on December 10, 1991.

## III

The issues before the Court are the following:

1) Was the family court required to adopt all terms of the prior invalid state divorce decree?

2) Did the family court give proper consideration, supported by specific findings of fact, to the best interests of the children of the parties?

# IV

## A

This Court has expressed its view on the effect of prior invalid judgments: "'A judgment void when rendered will always remain void. The validity of every judgment depends upon the jurisdiction of the court before which it is rendered, not upon what may occur subsequently.'" *Lente v. Notah*, 3 Nav. R. 72, 76 (1982) (quoting *Lamont v. Vinger*, 202 P. 769, 774 (Mont. 1921)). The appellant does not contest the family court's finding that the divorce decree issued by the state district court in 1987 was void for want of jurisdiction. The decree being void when it was rendered, the passage of time could not have altered its validity, and the family court was correct in not honoring it.

Although the family court could not bestow validity upon the void decree, the court did have the authority to use its discretion to adopt some or all of the terms of that decree. The family court erroneously relied on the criteria this Court set out in *In re Guardianship of Chewiwi*, 1 Nav. R. 120, 126 (1977), to find such authority. *Chewiwi* concerned only respect for foreign judgments which are themselves valid. But the family court's misplaced reliance on *Chewiwi* does not undercut the power of the court to use its discretion to look to the prior decree as evidence of a preexisting arrangement between the parties. In doing so, the court is restrained only by its obligations under Navajo law — the most significant of which is the duty to provide for the best interests of the children affected by the decree.

## B

In issuing divorce judgments between parents of minors, the dominant principle is always the best interests of the children. *Barber v. Barber*, 5 Nav. R. 9, 12 (1984). This principle is firmly established in the jurisprudence of the Navajo Nation. *See Alonzo v. Martine*, 6 Nav. R. 395, 396 (1991); *Descheenie v. Mariano*, 6 Nav. R. 26, 27 (1988); *Notah v. Francis*, 5 Nav. R. 147, 148 (1987). It is also settled law that a family court must make findings of fact which support the court's determination that the terms of the divorce reflect the best interests of the children. *Alonzo v. Martine*, 6 Nav. R. at 397 (citing *Help v. Silvers*, 4 Nav. R. 46, 47 (1983)).

The family court's order fails to demonstrate that the court properly considered the best interests of the parties' children. Indeed, the court seems to have looked only to the parties' reliance on the prior invalid decree issued by the state district court, without closely examining the provisions of that decree to determine whether the best interests of the Nez children were accommodated. The fact that the family court professed to have considered the children's best interests is irrelevant. Findings of fact are required, not merely unsupported assertions. *Alonzo v. Martine*, 6 Nav. R. at 397.

With regard to the issue of back child support, the record does not indicate that

the family court performed any analysis whatsoever. Instead, the court apparently contented itself with accepting the stipulated agreement of the parties, which did not include any back child support provisions.

The appellee argues that by not raising the issue to the court, the appellant waived any right to claim back child support. This argument is clearly without merit. In issuing a divorce judgment, a family court acts as the parent of the children involved, under Navajo common law. *Barber v. Barber*, 5 Nav. R. at 12. In such a role, the court cannot be restrained by the failure of one parent to ask for child support, or back child support, from the other. The court has a duty to ensure that the best interests of the children are provided for, and arrangements between the parents that do not comply with this principle should not be recognized by the court. See *Alonzo v. Martine*, 6 Nav. R. at 396. Failure by the family court to act in the best interests of the children is reversible error. *Barber v. Barber*, 5 Nav. R. at 12.

## V

Accordingly, the case before the Court is remanded. On remand, the family court is instructed to:

(A) Determine whether back child support payments should be awarded to the appellant, in light of this Court's decisions in *Alonzo v. Martine*, 6 Nav. R. 395, and *Descheenie v. Mariano*, 6 Nav. R. 26; and

(B) Make specific findings of fact, in light of this Court's decision in *Alonzo v. Martine*, 6 Nav. R. 395, showing that the final divorce terms regarding back child support are in the best interests of the children.